**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Margaret K. Ackerman,

        Plaintiff,                                Civil No. 12-00042 (SRN/JSM)

   v.

PNC Bank, National Association, Mortgage
Electronic Registration Systems, Inc., and        **MEMORANDUM OPINION**
Federal National Mortgage Association,                     **AND ORDER**
HVM L.L.C.,

        Defendants.

---

Bryan R. Battina and William K. Forbes, Battina Law, PLLC, 700 Washington Avenue North, Suite 209, Minneapolis, MN 55401, for Plaintiff.

David Schooler and Ankoor Bagchi, Briggs and Morgan, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for Defendants.

---

SUSAN RICHARD NELSON, United States District Court Judge

     This matter came before the Court on Plaintiff's Motion for Remand to State Court. (Doc. No. 5.) The sole issue before the Court is whether the thirty-day statutory period for seeking removal under 28 U.S.C. § 1446(b) commences when the summons and complaint are served on the defendant's statutory agent or when the defendant receives a copy of the summons and complaint. For the reasons that follow, the Court holds that the thirty-day period under § 1446(b) begins when defendant receives the summons and complaint. Accordingly, Defendants' notice of removal was timely and the Court denies Plaintiff's motion to remand.

1

I.   BACKGROUND

Plaintiff Margaret K. Ackerman sued Defendants PNC Bank, National Association ("PNC") and Mortgage Electronic Registration Systems, Inc. ("MERS") in Hennepin County District Court.  (Doc. No. 1.)  Plaintiff alleged that PNC had wrongfully foreclosed on her home.  (Id.)  Plaintiff later learned that Defendants PNC and MERS had quitclaimed all their interests in her home to the Federal National Mortgage Association ("Fannie Mae").  (Affidavit of Bryan R. Battina, Doc. No. 8 ("Battina Aff."), ¶¶ 2–3, Ex. A–B.)  On November 29, 2011, Plaintiff amended her complaint to add Fannie Mae as a Defendant.  (Affidavit of Ankoor Bagchi, Doc. No. 15 ("Bagachi Aff."), ¶ 2, Ex. A.)  Because Fannie Mae does not have a registered agent in Minnesota, on November 30, 2011, Plaintiff served the Summons and the Second Amended Complaint ("SAC"), along with the service fee, on Fannie Mae through the Minnesota Secretary of State.  (Battina Aff. ¶¶ 9–10, Ex. G.)  The Minnesota Secretary of State's office forwarded the Summons and SAC to Fannie Mae on December 1, 2011.  (Id. ¶ 11, Ex. H.)  Fannie Mae did not receive service of the SAC until December 6, 2011.  (Bagchi Aff. ¶ 3, Ex. B.)

Defendants filed a Notice of Removal to this Court on January 5, 2012.  (Doc. No. 1.)[1]  On February 1, 2012, Plaintiff moved to remand the action back to state court,

---

[1]   The Eighth Circuit has held that the last-served defendant has the same right to remove a matter as the first-served Defendant.  Marano Enters. v. Z-Teca Rests., L.P., 254 F.3d 753, 756–57 (8th Cir. 2001) ("We conclude that, if faced with this issue before us today, the [Supreme] Court would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants had filed such notices.") (citations omitted).

admitting that the Court has diversity jurisdiction, but contesting the timeliness of Defendants' Notice of Removal. (Doc. No. 5.) The Court held a hearing on this matter on May 11, 2012, and took the motion under advisement. (Doc. No. 17.)

## II.     DISCUSSION

Removal to federal court is authorized for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To exercise the right of removal, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The Supreme Court has interpreted § 1446(b) to require formal service of process upon the defendant before the thirty day period begins to run. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999). Courts apply state law governing formal service of process when determining the time period for seeking removal. Id. at 351. Minn. Stat. § 303.13 provides that "[a] foreign corporation shall be subject to service of process, as follows: (1) by service on its registered agent; or (2) as provided in section 5.25." Minn. Stat. § 5.25, subdivision 4 states that if a foreign corporation does business in Minnesota and fails to designate a registered agent, a plaintiff may provide service of process to the Minnesota Secretary of State.

Plaintiff argues that the thirty-day period in which Defendants were required to file its Notice of Removal began to run when the Minnesota Secretary of State was served with the Summons and Complaint on November 30, 2011. Because Defendants filed their Notice of Removal on January 5, 2012, Plaintiff contends that the removal was untimely and the Court should remand the action back to state court. Defendants contend that their Notice of Removal was timely because § 1446(b)'s thirty-day period is computed from December 6, 2011, the date of their actual receipt of the summons and complaint.

The majority of courts to consider this question have held that the thirty-day period for removal commences when the defendant receives the summons and complaint.[2] 14C Charles Alan Wright, Arthur Miller, Edward H. Cooper, Federal

---

[2] See, e.g., Renaissance Mktg., Inc. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 206 (D.P.R. 2009) ("Albeit laws allowing service of process upon foreign corporations through statutory agents are valuable tools, the courts cannot ignore the possible prejudicial effects upon defendants if the period for removal would begin before the defendant has learned of the claims against him or her."); Crescent City Holdings, LLC v. Scottsdale Ins. Co., Case No. 08-cv-902, 2008 WL 783592, at *2 (E.D. La. Mar. 25, 2008) (denying motion for remand because the thirty-day time period for removal starts to run when the defendant or its agent actually received process, "not when the Secretary of State is served"); Cox v. Sprung's Transp. & Movers Ltd., 407 F. Supp. 2d 754, 756 (D.S.C. 2006) (holding that service upon statutory agent insufficient to begin period for removal); Burton v. Cont'l Cas. Co., 431 F. Supp. 2d 651, 656 (S.D. Miss. 2006) ("This Court sides with the overwhelming majority of district courts in holding that in cases where a statutory agent is served with the summons and complaint, the named defendant's time to remove the action does [sic] is not triggered until that defendant actually receives the pleading."); White v. Lively, 304 F. Supp. 2d 829, 831 (W.D. Va. 2004) ("[I]t would be contrary to the plain meaning of the removal statute to limit a defendant's removal period before actual receipt of the suit papers"); Lilly v. CSX Transp., Inc., 186 F. Supp. 2d 672, 675 (S.D. W. Va. 2002) (holding that the thirty-day clock starts with defendant's actual receipt of notice of the suit, not at the time plaintiff served statutory agent).

Practice and Procedure § 3731 (4th ed. 2012) ("[I]t now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service[.]"). This is because statutory agents "are not true agents but merely are a medium for transmitting the relevant papers." Id. A statutory agent has no power to remove a case. See, e.g., Kurtz v. Harris, 245 F. Supp. 752, 754 (S.D. Tex.1965). Courts thus conclude that to make a defendant's right to pursue his case in federal court "depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them" would result in possible prejudicial effects on a defendant's ability to remove a case to federal court. See, e.g., Calderon v. Pathmark Stores, Inc., 101 F. Supp. 2d 246, 247 (S.D.N.Y. 2000).

In Benson v. Bradley, this Court was presented with a plaintiff who sought to remand an action that had been removed to federal court more than 20 days[3] after service on the defendant's statutory agent. 223 F. Supp. 669, 670 (D. Minn. 1963). The Court denied the motion, holding that § 1446(b)'s time limit began to run when the defendant received the complaint. Id. at 672. The Court stated that "[i]f the twenty days began running when the [statutory agent] was served, the privilege of a defendant to remove could be easily be curtailed or abrogated completely." Id. The Court addressed a previous decision in Helgeson v. Barz, 89 F. Supp. 429, 430 (D. Minn. 1950), that had

---

[3]   In 1963, 28 U.S.C. § 1446(b) provided a twenty day time limit for removal as opposed to the current thirty days.

reached the opposite result and concluded that it was based on an "incorrect interpretation of § 1446(b)." Id. at 673.

Since Benson, this Court has stated that it is "now settled law" that service on a "statutory agent [is] not service on a non-resident . . . defendant." Percell's Inc. v. Central Tel. Co., 493 F. Supp. 156, 157 (D. Minn. 1980). Additionally, other courts within the Eighth Circuit have also found that the thirty-day requirement commences when the defendant receives a copy of the summons and complaint. See, e.g., Haines v. Select Classic Carriers, Inc., No. 09-cv-143, 2009 WL 4255502, at * 1 (E.D. Ark. Nov. 29, 2009) (holding that the "30-day statutory time limit for filing notice of removal begins to run when the foreign company actually receives the summons and complaint, rather than when the Secretary of State, as the company's statutory agent for service of process, was served") (citations omitted).

Plaintiff asks the Court to reject the holdings of these cases based on the Supreme Court's decision in Murphy Brothers. 526 U.S. at 348. In Murphy Brothers, the plaintiff filed a complaint in state court on January 26, 1996, and provided the defendants' counsel with a courtesy copy of the file-stamped complaint three days later. Id. On February 12, 1996, the plaintiff formally served the defendant under local law by certified mail. Id. On March 13, 1996—thirty days after service but forty-four days after receiving the courtesy copy of the complaint—the defendant removed the case to federal court. Id. When the plaintiff sought to remand the case to state court on the ground that the removal was untimely, the Court held that the defendant's time to remove is triggered upon

6

service of the complaint, not by "mere receipt of the complaint unattended by any formal service." Id. at 348.

Plaintiff asserts that, under Murphy Brothers, the defendant becomes a party, and is required to take action in that capacity, upon service of the complaint. (Doc. No. 6, p. 5–6.) Plaintiff's contention, however, misreads Murphy Brothers. Murphy Brothers rejects the "receipt rule" which "start[ed] the time to remove on receipt of a copy of the complaint." 526 U.S. at 356. The Supreme Court did not address the issue of whether formal service on a statutory agent starts the removal period. Cf. id. The Supreme Court noted that Congress intended the removal provision to give "adequate time" to defendants to decide whether to remove after receipt of plaintiff's initial pleading. Id. (citation omitted). Based on this principle, other district courts have noted that Murphy Brothers supports the well-established rule that the removal period begins with receipt by the defendant's true agent instead of a statutory agent. See, e.g., Tucci v. Hartford Fin. Servs. Grp., Inc., 600 F. Supp. 2d 630, 635 (D.N.J. 2009).

The recent Missouri case in Ross v. Scottsdale Ins. Co., No. 10-cv-1499, 2010 WL 4810211, at *3 (E.D. Mo. Nov. 19, 2010), similarly does not compel a different result here. In that case, the defendant filed its notice of removal within thirty days of its receipt of the summons, but not within thirty days of the service of the designated agent. Id. The court in Ross focused on service on the designated agent, who under Missouri law was the "functional equivalent of designating a registered agent," not a statutory agent such as the Minnesota Secretary of State. Id. at *2. Unlike in Ross, the Minnesota

Secretary of State is not Fannie Mae's equivalent of a registered agent, but is rather merely a statutory agent.

Consistent with the majority of courts to consider this issue, this Court finds that where service is made on a statutory agent, the thirty-day period for removal under § 1446(b) does not commence until a defendant receives the summons and complaint. As such, Defendants' notice of removal was timely filed and Plaintiff's motion for remand to state court is denied.[4]

### III.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand to State Court (Doc. No. 5) is **DENIED** and the action will proceed in this Court.

Dated:   August 13, 2012

                                              s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge

---

[4] Plaintiff also argues that because Fannie Mae is represented by the same counsel as PNC and MERS, Fannie Mae was on notice of this litigation on November 30, 2011 when Plaintiff provided a copy of the SAC to PNC and MERS' counsel. (Doc. No. 6, p. 13.) According to Plaintiff, Fannie Mae should have removed the action to federal court within thirty days of their counsel's notice of the SAC. (Id.) While it is true that Defendants share the same counsel, Fannie Mae was not a party to this action before it received a copy of the Summons and the SAC and therefore was not required to remove the complaint until thirty days after it received formal service. See Murphy Bros., 526 U.S. at 348 (finding that the defendant's time to remove is triggered upon formal service of the complaint); Marano Enters., 254 F.3d at 756–57 (holding that each defendant has thirty-days to remove an action to federal court).