# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Margaret K. Ackerman, <br><br> Plaintiff, <br><br> v. <br><br> PNC Bank, National Association, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association, <br><br> Defendants. | Civil No. 12-cv-0042 (SRN/JSM) <br><br><br> **ORDER AFFIRMING THE MAGISTRATE JUDGE'S APRIL 10, 2013, ORDER** |

Bryan R. Battina and William K. Forbes, Battina Law, PLLC, 700 Washington Avenue North, Suite 209, Minneapolis, MN 55401, on behalf of Plaintiff.

David A. Schooler and Ankoor Bagchi, Briggs and Morgan, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, on behalf of Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the Court on Defendant PNC Bank, National Association's and

Defendant Federal National Mortgage Association's Rule 72.2(a) Objection [Doc. No. 99]

to Magistrate Judge Janie S. Mayeron's April 10, 2013, Order [Doc. No. 95] granting in part

and denying in part Plaintiff's Motion for Default Judgment and Other Sanctions and to

Extend the Pretrial Scheduling Order [Doc. No. 55], and granting in part and denying in part

Plaintiff's Motion to Compel Discovery, Award Sanctions and Conduct In Camera Review

[Doc. No. 64].  After reviewing the Magistrate Judge's Order for clear error, the Court affirms the Order for the reasons set forth below.

## II.    BACKGROUND

In this lawsuit, Plaintiff seeks recovery for Defendants' allegedly wrongful foreclosure of her residential property.  (See Second Am. Compl. ¶¶ 50–94 [Doc. No. 1–2 at 179–87].)  She asserts claims for breach of contract, promissory estoppel, negligent misrepresentation, setting aside the foreclosure sale, violation of the Minnesota Deceptive Trade Practices Act, and violation of the Minnesota Consumer Fraud Act.  (Id.)  The matter currently before this Court concerns a discovery dispute among the parties.  Briefly stated, Plaintiff moved to compel discovery from Defendants on August 9, 2012 [Doc. No. 20] ("First Motion to Compel Discovery").  In her motion, Plaintiff sought relevant electronically stored information, Rule 26(a)(1) disclosures, and supplemental responses to certain interrogatories and document requests.  (See Doc. No. 21.)  On September 7, 2012, the Magistrate Judge granted, in part, Plaintiff's First Motion to Compel Discovery and set a deadline of September 19, 2012, for production of the outstanding discovery.  (See Order dated Sept. 7, 2012, at 5 [Doc. No. 40].)  On September 21, the Magistrate Judge extended that deadline to October 5.  (Order dated Sept. 21, 2012, at 2 [Doc. No. 42].)

It appears from the record that, among other deficiencies in the ordered discovery responses, Plaintiff had not received any electronically stored information from Defendant PNC Bank, National Association ("PNC") as of mid-December 2012.  (Order dated Apr. 10, 2013, at 8, 18 [Doc. No. 95] ("Apr. 10 Order").)  She was also missing discovery from Defendant Federal National Mortgage Association ("Fannie Mae").  (See Battina Aff. dated

Jan. 2, 2013, Ex. P [Doc. No. 59].) Therefore, after several delays and a meet-and-confer, Plaintiff brought two more motions in January 2013: a Motion for Default Judgment and Other Sanctions and to Extend the Pretrial Scheduling Order [Doc. No. 55] ("Motion for Default Judgment"), and a Motion to Compel Discovery, Award Sanctions and Conduct In Camera Review [Doc. No. 64] ("Second Motion to Compel Discovery"). The Magistrate Judge held a hearing on both motions on February 22, 2013. (Civ. Mot. Hearing [Doc. No. 88].)

On April 10, 2013, the Magistrate Judge granted in part and denied in part both motions. (Apr. 10 Order at 1 [Doc. No. 95].) As for the Motion for Default Judgment, the Magistrate Judge found that PNC's discovery conduct violated a discovery order, was willful, prejudiced Plaintiff, and was not justified. (Id. at 21.) The Magistrate Judge denied Plaintiff's request for a sanction of default judgment and Plaintiff's request for a sanction striking PNC's defense. (Id. at 21–23.) However, the Magistrate Judge ordered further supplementation of responses to Plaintiff's discovery requests and awarded Plaintiff her reasonable fees and costs incurred in preparing the motion and attending the hearing. (Id. at 23.) As for the Second Motion to Compel Discovery, the Magistrate Judge found that the positions taken by PNC and Fannie Mae (collectively, "Defendants") were not substantially justified, ordered further supplementation of responses to Plaintiff's discovery requests, and ordered Defendants to pay Plaintiff's fees and costs incurred in preparing the motion and attending the hearing. (Id. at 31–32.) On April 24, 2013, Defendants filed a Rule 72.2(a) Objection to Magistrate Judge Mayeron's Order of April 10, 2013 [Doc. No. 99] ("Defs.' Objections"). Plaintiff filed a response on May 8, 2013 [Doc. No. 105].

### III.    DISCUSSION

#### A.    Standard of Review

Discovery-related motions are nondispositive motions.  D. Minn. LR 7.1(b)(4)(A).

"The standard of review applicable to an appeal of a magistrate judge's order on a

nondispositive issue is extremely deferential."  Reko v. Creative Promotions, Inc., 70 F.

Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court must affirm the order unless it is

"clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR

72.2(a)(3).  "A finding is 'clearly erroneous' when although there is evidence to support

it, the reviewing court on the entire record is left with the definite and firm conviction

that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364,

395 (1948).  If the magistrate judge's account of the evidence is plausible in light of the

record viewed in its entirety, the reviewing court may not reverse it even though had it

been sitting as the trier of fact, it would have weighed the evidence differently.  Anderson

v. Bessemer City, 470 U.S. 564, 573–74 (1985).

#### B.    Objections

Defendants object to the Magistrate Judge's April 10 Order only to the extent it

requires them to pay Plaintiff's attorney's fees and costs related to the Motion for Default

Judgment and the Second Motion to Compel Discovery.  (Defs.' Objections at 1 [Doc. No.

99].)  The Court will address the Magistrate Judge's findings as to each motion separately.

**1.      Motion for Default Judgment and Other Sanctions and to Extend the Pretrial Scheduling Order**

Defendants first object to the Magistrate Judge's imposition of sanctions on

Plaintiff's Motion for Default Judgment.  (Defs.' Objections at 4–7 [Doc. No. 99].)

Pursuant to Federal Rule of Civil Procedure 37(b), a court may award the following

sanctions if a party fails to obey an order to provide discovery:  directing certain facts be

deemed established, prohibiting the disobedient party from using or opposing certain

claims or defenses, striking pleadings, staying proceedings, dismissing the action,

rendering a default judgment against the disobedient party, or treating the failure to obey

as contempt of court.  Fed. R. Civ. P. 37(b)(2)(A).  "Instead of or in addition to [these

sanctions], the court <u>must</u> order the disobedient party, the attorney advising that party, or

both to pay the reasonable expenses, including attorney's fees, caused by the failure,

<u>unless</u> the failure was substantially justified or other circumstances make an award of

expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) (emphases added).  Sanctions under this

Rule serve to both penalize the disobedient party and to deter future misconduct by

others.  <u>See</u> <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976)

(per curiam).

The Magistrate Judge's award of fees and costs on Plaintiff's Motion for Default

Judgment was not clearly erroneous.  Defendants argue that they did not willfully violate

the Magistrate Judge's April 10 Order and that, in fact, the Magistrate Judge adopted many

of their positions that Plaintiff's discovery should be narrowed.[1]  (Defs.' Objections at 4

---

[1]      Although Fannie Mae argues against the sanctions related to the Motion for

[Doc. No. 99].)  However, the sanctions pertain only to PNC's failure to produce

electronically stored information, (see Apr. 10 Order at 19 [Doc. No. 95]), so Defendants'

arguments related to the Magistrate Judge's rulings on the other discovery responses at issue

in that motion are not relevant, (see Defs.' Objections at 4–5, 7).  Furthermore, while the

Magistrate Judge somewhat narrowed the scope of electronically stored information to be

produced, she found that PNC's arguments about the burden of that discovery were

untimely when not raised until the hearing, and that the delays and failures to produce that

information were prejudicial, without justification, and in willful disregard of her September

7 Order.  (See Apr. 10 Order at 17–21 [Doc. No. 95].)  In particular, she found that "PNC

took matters into its own hands," never moving for reconsideration or asking for more time

to comply.  (Id. at 18.)  According to the Magistrate Judge, "if [Plaintiff] had not moved for

relief, it is not even clear that PNC would have done anything."  (Id. at 18 n.6.)

The Magistrate Judge based her findings on the parties' correspondence, their

briefing on the Motion, and their representations at the hearing on the Motion.  (See id. at 6–

8, 17–21.)  Because the Magistrate Judge's account of the events is plausible, this Court

may not reverse even if it would have weighed the evidence differently.  Therefore, in light

of the deference accorded to orders of magistrate judges on nondispositive issues, this

Court finds that the Magistrate Judge's Order awarding Plaintiff her reasonable fees and

costs on the Motion for Default Judgment was not clearly erroneous or contrary to law.

---

Default Judgment, Fannie Mae was not required by the Magistrate Judge's Order to pay
those sanctions.  Rather, those sanctions are based on PNC's conduct related to the
electronically stored information, and the Order itself requires only PNC to pay.  (See
Apr. 10 Order at 17–23 [Doc. No. 95].)

### 2. Motion to Compel Discovery, Award Sanctions and Conduct In Camera Review

Defendants next object to the Magistrate Judge's imposition of sanctions on Plaintiff's Second Motion to Compel Discovery. (Defs.' Objections at 8–10 [Doc. No. 99].) Pursuant to Federal Rule of Civil Procedure 37(a), if a motion to compel discovery is granted, the court "must" require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses, including attorney's fees, incurred in making the motion, unless the moving party did not attempt in good faith to obtain the discovery without involving the court, the nondisclosure was "substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). "If the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

The Magistrate Judge's award of fees and costs on Plaintiff's Second Motion to Compel Discovery was not clearly erroneous. First, PNC contends that its opposition to Plaintiff's discovery was substantially justified and that the Magistrate Judge largely denied Plaintiff's Motion related to PNC. (Defs.' Objections at 8–9 [Doc. No. 99].) However, PNC's position is simply a different characterization of the evidence than was reached by the Magistrate Judge. Because the Magistrate Judge's account of the evidence is plausible, this Court may not reverse even if it would have weighed the evidence differently, as PNC has done.

Second, Fannie Mae asserts that it did not act in willful violation of a court order and, therefore, sanctions are unwarranted. (Id. at 9.) However, these sanctions arise from

the granting of the Second Motion to Compel, not from a violation of a court order.

Accordingly, the relevant concerns are whether Plaintiff did not attempt in good faith to

obtain the discovery without involving the Court, whether Fannie Mae's nondisclosure

was substantially justified, and whether other circumstances make the award unjust.

Here, there is no evidence that Plaintiff did not attempt in good faith to obtain the

discovery without involving the Court. Moreover, while Defendants state that the

Magistrate Judge erred in finding that their positions were not substantially justified, they

point only to the fact that the Magistrate Judge found in their favor on some of the issues.

(See id. at 2, 10.) This does not demonstrate how the Magistrate Judge's conclusion that

at least some of Fannie Mae's positions were not substantially justified is erroneous, and

Defendants have not articulated any other circumstances that would make an award of

expenses unjust.

Finally, Defendants contend that the Magistrate Judge should have apportioned the

fees to be awarded on the Second Motion to Compel Discovery because it was granted in

part and denied in part. (Id. at 2.) However, when a court overrules many of the

objections to a motion to compel, and a significant number of those objections were not

substantially justified, then it may be appropriate to allow the moving party "to recover a

portion, if not all, of the reasonable expenses and attorney fees" incurred in bringing the

motion. DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 692–93 (D. Kan. 2004) (emphasis

added). Here, the Magistrate Judge found in favor of Plaintiff on most of the issues

raised in her Second Motion to Compel Discovery and that Defendants' positions were

not substantially justified. (See Apr. 10 Order at 24–31 [Doc. No. 95].) Therefore, the

Magistrate Judge had discretion to award Plaintiff her reasonable fees and costs. In light of the deference accorded to orders of magistrate judges on nondispositive issues, this Court finds that the Magistrate Judge's Order awarding Plaintiff her reasonable fees and costs on the Second Motion to Compel Discovery was not clearly erroneous or contrary to law.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant PNC Bank, National Association's, and Defendant Federal National Mortgage Association's Objections [Doc. No. 99] to the Magistrate Judge's April 10, 2013, Order [Doc. No. 95] are **OVERRULED**; and

2. The Magistrate Judge's April 10, 2013, Order [Doc. No. 95] is **AFFIRMED**.

Dated: June 18, 2013                                    s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge