UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Margaret K. Ackerman | Civil No. 12-CV-42 (SRN/JSM) |
| Plaintiff, | ORDER |
| v. | |
| PNC Bank, National Association, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association, | |
| Defendants. | |

_____

Bryan R. Battina and William K. Forbes, Trepanier, MacGillis, Battina, P.A., 8000 Flour Exchange Building, 310 Fourth Avenue North, Minneapolis, Minnesota 55415, for Plaintiff

Ankoor Bagchi, David A. Schooler, and Daniel J. Supalla, Briggs & Morgan, PA, 80 South Eighth Street, Suite 2200, Minneapolis, Minnesota 55402, for Defendants
_____

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Plaintiff's Appeal [Doc. No. 139] of the Magistrate Judge's Order of November 25, 2013 [Doc. No. 138]. For the reasons set forth herein, Plaintiff's appeal is denied and the Order of November 25, 2013 is affirmed.

I.    BACKGROUND

Magistrate Judge Janie S. Mayeron held a hearing on November 21, 2013 in which she considered oral arguments on Plaintiff's Motion for Default Judgment and Other

1

Sanctions, or, in the Alternative, to Compel Discovery and Extend the Pretrial Scheduling Order [Doc. No. 108] and Defendant PNC National Bank Association's Motion to Compel and for Sanctions [Doc. No. 114].  Magistrate Judge Mayeron issued her rulings from the bench (Tr. of 11/21/13 Hearing at 3-13 [Doc. No. 154]), memorializing them in the Order of November 25, 2013 [Doc. No. 138].)  Because only certain rulings on Plaintiff's motion are appealed here, the Court confines its discussion accordingly.

As to Plaintiff's underlying motion, the magistrate judge ordered PNC to produce under oath to Plaintiff and the Court certain discovery related to a PNC litigation hold. (Order of 11/25/`3 at 2 [Doc. No. 138].)  As Magistrate Judge Mayeron noted, she had previously ordered the production of this discovery and PNC had not complied.  (Id.)  In addition, Magistrate Judge Mayeron ordered Fannie Mae and PNC to supplement their Rule 26(a)(1)(a) disclosures.  (Id. at 3.)

To the extent that Plaintiff alleged that PNC or Fannie Mae inadequately gathered electronically stored information ("ESI") or unlawfully destroyed ESI, Magistrate Judge Mayeron found no evidence to support such a claim:

> There is no evidence in front of this court to support a claim of spoliation or unlawful destruction of ESI.  I find that the explanation that was provided by defendants in terms of their search for ESI in response to interrogatories that were submitted to the defendants to describe their efforts to comply, adequately describe their efforts.  And while plaintiff may believe that, in fact, evidence was destroyed unlawfully or spoliated after the suit began, that is only supposition on the part of plaintiff, and no evidence has been provided to this court to support an allegation.  The only evidence I have is that they didn't produce it.  But that in and of itself is not a basis for me to conclude that there was unlawful destruction or spoliation.

(Tr. of 11/21/13 Hearing at 3-4 [Doc. No. 154].)  The magistrate judge denied Plaintiff's request for sanctions.  (Id.)

Plaintiff appeals Magistrate Judge Mayeron's refusal to impose sanctions.  (Pl.'s Appeal at 9 [Doc. No. 139].)  Plaintiff contends that: "[e]ither Defendants are (1) intentionally withholding evidence in violation of Court Orders, (2) their supposed Litigation Holds were not adequate, (3) their ESI searches were not adequate, or (4) the documents no longer exist."  (Id.)  Plaintiff thus asserts that the magistrate judge's decision not to impose sanctions was clear error, arguing that "[i]f known documents were not produced a finding cannot be made that no spoliation occurred and the searches performed were 'adequate.'"  (Id.)   In particular, Plaintiff contends that producing ESI without metadata violates Fed. R. Civ. P. 34(b)(2)(E) and governing case law, and that Fed. R. Civ. P. 37(b)(2)(A) dictates that "sanctions must be awarded against a party who fails to obey an order to produce discovery."  (Id. at 2; 10.)  Plaintiff further argues that the magistrate judge's ruling contains no basis or support for the denial of sanctions.  (Id. at 2.)

Subsequently, on January 16, 2014, the parties came before the magistrate judge in a telephone conference to address issues arising out of the November 25, 2013 Order.  (Order of 1/16/14 at 1 [Doc. No. 161].)   In a January 16, 2014 Order that followed the telephone conference, the magistrate judge issued further discovery rulings regarding the PNC litigation hold and a 2010 visit of Fannie Mae representatives to PNC's offices.  (Id. at 2.)

## II.  DISCUSSION

The Court's review of decisions of a magistrate judge on nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law.  D. Minn. L. R. 72.2(a).  This Court pays great deference to a magistrate judge's determinations.  See Reko v. Creative Promotions, Inc., 70 F. Supp.2d 1005, 1007 (D. Minn. 1999) ("The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.").

This Court rejects Plaintiff's contention that Fed. R. Civ. P. 37(b)(2)(A) "dictates" that sanctions "must be awarded" against a party who fails to obey a discovery order.  (Pl.'s Appeal at 10 [Doc. No. 139].)  Instead, Rule 37(b)(2)(A) vests courts with broad discretion to issue sanctions for failure to comply with discovery orders.  It provides that the court in which the action is pending "may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A) (emphasis added); see also Card Tech. Corp. v. DataCard Inc., 249 F.R.D. 567, 571 (D. Minn. 2008) (noting that the court has "broad discretion to impose sanctions . . . ").  In addition, Rule 37(b)(2)(A) provides examples of the type of sanctions that such further orders "may include."  Fed. R. Civ. 37(b)(2)(A) (emphasis added).

Magistrate Judge Mayeron stated her reasons on the record for declining to award sanctions for non-compliance with earlier discovery orders.  (Tr. of 11/21/13 Hearing at 3-4 [Doc. No. 154].)   While the magistrate judge did not condone Defendants' actions, she found that they adequately explained their efforts to comply with discovery orders.  (Id.)

Plaintiff argues that PNC violated Fed. R. Civ. P. 34(b)(2)(E) by producing hard copy ESI documents without the underlying metadata. (Pl.'s Appeal at 11-13 [Doc. No. 139].) Rule 34(b)(2)(E) does not specifically reference the production of metadata, but refers to a party's obligation to produce documents as they are kept "in the usual course of business" or organized and labeled according to corresponding discovery request categories. Fed. R. Civ. P. 34(b)(2)(E)(i). If the discovery request does not specify the form for producing ESI, Rule 34 requires a party to produce it in the form "in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). While Magistrate Judge Mayeron's ruling did not specifically reference metadata, she found no evidence that Defendants inadequately investigated for ESI or unlawfully destroyed it. (Tr. of 11/21/13 Hearing at 3 [Doc. No. 154].) In addition, the magistrate judge found that Defendants' interrogatory explanation for their search for ESI adequately described their efforts. (Id.) She concluded that sanctions were not warranted. (Id.)

There is no evidence before this Court, just as there was no evidence before the magistrate judge, that Defendants have destroyed evidence or inadequately investigated for ESI. Certainly, Defendants have a continuing obligation to produce documents in compliance with the federal rules and orders of this Court, but nothing before this Court demonstrates that it was clearly erroneous for Magistrate Judge Mayeron to deny Plaintiff's request for sanctions.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Appeal [Doc. No. 139] of the Magistrate Judge's Order of November 25, 2013 [Doc. No. 138] is **DENIED**; and

2. The Order of November 25, 2013 [Doc. No. 138] is **AFFIRMED**.

Dated:   January 23, 2014

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge
