UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Margaret K. Ackerman,** | Civil No. 12-CV-42 (SRN/JSM) |
| **Plaintiff,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| **PNC Bank, National Association, Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association,** | |
| **Defendants.** | |

_____

Bryan R. Battina and William K. Forbes, Trepanier MacGillis Battina, PA, 8000 Flour Exchange Building, 310 Fourth Avenue North, Minneapolis, Minnesota 55415, for Plaintiff.

David A. Schooler and David J. Supalla, Briggs and Morgan, P.A., 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for Defendants.

_____

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Plaintiff's Letter Request for Permission to File a Motion to Reconsider [Doc. No. 182]. Ms. Ackerman seeks reconsideration of the portion of the Court's Summary Judgment Order of July 21, 2014 (the "Order" [Doc. No. 178]) concerning any entitlement to damages under the Minnesota Residential Mortgage Originator and Service Licensing Act (the "Act"), Minn. Stat. § 58.01 et seq. Defendants

1

filed a letter in response to Plaintiff's request, arguing that the request for reconsideration should be denied. (Defs.' Response Letter [Doc. No. 183].) Having considered Plaintiff's arguments, reconsideration of the Court's ruling is not warranted, as set forth below.

## I. BACKGROUND

Among the summary judgment rulings in the Order, the Court found that Plaintiff was not entitled to relief under the Act. (Order at 36-37 [Doc. No. 178].) Ms. Ackerman has not expressly asserted a claim under the Act, but rather, argued in her summary judgment reply brief and in opposition to Defendants' summary judgment motion that the damages and attorney's fees potentially available to her under Minn. Stat. § 58.18 formed part of the "damages" supporting her breach of contract claim. (Pl.'s Reply Mem. at 16 [Doc. No. 167]; Pl.'s Opp'n Mem. at 5-14 [Doc. No. 155].)

While the Court declined to award summary judgment on Ackerman's breach of contract claim, the Court separately addressed the issue of relief under the Act's remedies provision, Minn. Stat. § 58.18. (Order at 36-37 [Doc. No. 178].) The Court found that this statute provides for a separate cause of action and relief under it is not subsumed in a breach of contract claim. (Id. at 37.) The Court further found that Plaintiff had amended her complaint twice and had not attempted to add a claim under the Act, nor had she demonstrated any good cause to amend her pleading outside of the Court's scheduling order. (Id.)

In addition, the Court found that relief under § 58.18 appeared to be futile in any

event, because the statute is inapplicable to a residential mortgage loan originated by a federal or state chartered bank, savings bank, or credit union. Minn. Stat. § 58.18, subd. 4. While observing that Plaintiff's lender, National City/PNC, is a federally regulated and chartered bank, the Court did not refer to the loan's originator, Bell America Mortgage, LLC. (Order at 37 [Doc. No. 178].)

Pursuant to Local Rule 7.1(j), Plaintiff requests leave to seek reconsideration, arguing that the Court was incorrect in applying the limitation of Minn. Stat. § 58.18, subd. 4, because her loan originated with Bell America, which, she argues, is not a federal or state chartered bank, savings bank, or credit union. (Pl.'s Letter at 1 [Doc. No. 182].) In addition, she asserts that § 58.18 is a remedy and that a claim for damages and attorney's fees under the statute need not be pleaded as a separate cause of action. (Id.) Citing her complaint's prayer for relief requesting "actual damages, statutory damages, exemplary damages, costs and reasonable attorney's fees" [Second Am. Compl. at p. 15 [Doc. No. 1-2 at 187]), and Rule 8's liberal pleading standard, Ackerman further argues that Defendants have been on notice that she sought statutory relief and attorney's fees.

Defendants object to Plaintiff's request for reconsideration, arguing that Ackerman fails to meet the standard of presenting "compelling circumstances" which mandate reconsideration of a court's order. (Defs.' Response Letter at 1 [Doc. No. 183].) Defendants contend that Ackerman's observation that the Court misidentified the entity from which her loan originated is not a "compelling circumstance" that requires reconsideration. (Id. at 2.) Rather, Defendants assert that that part of the Order stated an

3

alternative, independent basis for rejecting Ackerman's arguments and any error in that alternative ruling does not entitle Ackerman to reconsideration of the Court's ruling or to relief under the Act. (Id.) In addition, Defendants contend that Ackerman's arguments concerning notice and claims versus remedies should be rejected for three reasons: (1) Ackerman failed to raise these arguments in her summary judgment briefs or during oral argument; (2) the notice-pleading argument is a red herring because Ackerman is not entitled to a remedy under the Act because she did not plead a violation of the Act; and (3) Ackerman is not entitled to statutory damages for a common law breach of contract claim – instead, she is entitled to expectation damages, or "the benefit of the bargain." (Id. at 1-2.)

## II. DISCUSSION

As Defendants observe, a party requesting leave for reconsideration "must establish that 'compelling circumstances' mandate reconsideration of the Court's Order." Edeh v. Equifax Info. Servs., LLC, No. 11-CV-2671 (SRN/JSM), 2012 WL 4378189, at *1 (D. Minn. Sept. 25, 2012). Motions for reconsideration are "dimly viewed" by this Court. Hanson v. Loparex, Inc., No. 09-CV-1070 (SRN/FLN), 2011 WL 4808180, at *1 (D. Minn. Oct. 11, 2011) (quoting Transclean Corp. v. Bridgewood Servs., Inc., 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001)).

As set forth in the Order, a party seeking to amend a pleading outside of the Court's scheduling order must demonstrate good cause. (Order at 37 [Doc. No. 178])

(citing Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)).  As the Eighth Circuit Court of Appeals recently observed,

> 'The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements. . . .   Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.'

Harris v. FedEx Nat'l LTL, Inc., __ F.3d __, No. 13-1981, 2014 WL 3638896, at *6 (8th Cir. July 24, 2014) (quoting Sherman, 532 F.3d at 716–17).  Focusing on the diligence of the party seeking to amend, "[w]here there has been 'no change in the law, no newly discovered facts, or any other changed circumstance. . . after the scheduling deadline for amending pleadings,' then we may conclude that the moving party has failed to show good cause."  Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012) (quoting Sherman, 532 F.3d at 718).

     The initial Pretrial Scheduling Order of March 26, 2012 set a deadline of May 1, 2012 for any motions to amend the pleadings.  (Pretrial Scheduling Order at 1 [Doc. No. 12].)  The three subsequent iterations of the Scheduling Order retained the May 1, 2012 deadline for motions to amend.  (See Am. Pretrial Scheduling Order of 9/7/12 at 1 [Doc. No. 41]; Second Am. Pretrial Scheduling Order of 11/21/12 at 1 [Doc. No. 54]; Third Am. Pretrial Scheduling Order of 4/25/13 at 1 [Doc. No. 100].)   Ackerman filed three complaints in this case – the original complaint [Doc. No. 1-1] and two amended complaints [Doc. No. 1-2 at 134-49; 173-88] – but never asserted a claim under § 58.18 or § 58.13.  In response to Defendants' discovery requests concerning damages,

Ackerman did not refer to § 58.18.  (See Pl.'s Third Supp'l Resp. to Interrogs., Ex. A to Decl. of Daniel J. Suppala [Doc. No. 164-1].)  Instead, over three years after filing the original complaint in state court, and 20 months after the May 1, 2012 deadline to amend the pleadings, Plaintiff invoked § 58.18 in responsive memoranda submitted in connection with the parties' cross motions for summary judgment.  (See Pl.'s Reply Mem. at 16 [Doc. No. 167]; Pl.'s Opp'n Mem. at 5-14 [Doc. No. 155].)   Ackerman did not mention §§ 58.13 or 58.18 in her own Motion for Partial Summary Judgment filed on December 20, 2013.  (See Pl.'s Mem. Supp. Mot. for Partial Summ. J. [Doc. No. 143].)  Rather, as noted earlier, and in the Order, she argued in her summary judgment reply brief and in opposition to Defendants' summary judgment motion that the damages and attorney's fees potentially available to her under Minn. Stat. § 58.18 formed part of the "damages" supporting her breach of contract claim.  (Pl.'s Reply Mem. at 16 [Doc. No. 167]; Pl.'s Opp'n Mem. at 5-14 [Doc. No. 155].)

 Ackerman takes the position that there is no need to amend the pleadings – and therefore no need to demonstrate good cause – because the remedies under § 58.18 are available to her based on her breach of contract claim:

> First, Minnesota is a notice pleading state and any 'cause of action' as it relates to Minn. Stat. § 58.13, subd. 1(5) is just a breach of contract which Ackerman has properly pled.  Minn[esota] Stat[ute] § 58.18, subd. 1 just sets forth which remedies are available to Ackerman as a result of this breach, including her costs and attorney's fees.  Her prayer for relief requested these remedies.  Thus, Defendants are on full notice that Ackerman was going to seek all statutor[y] remedies available to her as a result of their conduct.

(Pl.'s Opp'n Mem. at 6 [Doc. No. 155].)   Pointing to the subtitle labeled "Remedies," found in subdivision 1 of § 58.18, Plaintiff argues that she need not plead a separate cause of action other than breach of contract.  (Pl.'s Letter at 1-2 [Doc. No. 182].)

The statute provides as follows:

**58.18.  Private right of action**

**Subdivision 1.  Remedies.**  A borrower injured by a violation of the standards, duties, prohibitions, or requirements of sections 58.13, 58.136, 58.137, 58.16, and 58.161 shall have a private right of action and the court shall award:

(1) actual, incidental, and consequential damages;

(2) statutory damages equal to the amount of all lender fees included in the amount of the principal of the residential mortgage loan as defined in section 58.137;

(3) punitive damages if appropriate, and as provided in sections 549.191 and 549.20; and

(4) court costs and reasonable attorney fees.

Minn. Stat. § 58.18, subd. 1.  As the statute expressly states, a party may bring a "private right of action" under § 58.18 to address violations of specific sections of the Act, including § 58.13, which governs the standards of conduct applicable to mortgage originators and servicers.  Id.  The remedies available under § 58.18 are premised on an asserted violation of § 58.13 – the statute does not provide for damages based on general common law claims such as breach of contract.   Rather, § 58.18 itself is entitled "Private Right of Action."  Id.  Plaintiff was required to assert a claim under the Act in order to be entitled to relief under the Act.   Plaintiff-borrowers in other mortgage-related cases have

asserted separate causes of action for violations of Minn. Stat. § 58.13. See, e.g., Gretsch v. Vantium Capital, Inc., 846 N.W.2d 424, 428 (Minn. 2014) (noting that the plaintiff filed a complaint alleging violations of state consumer protection statutes including Minn. Stat. § 58.13, subd. 1(a)(5) in Count I of her complaint); Christensen v. PennyMac Loan Servs., LLC, 988 F. Supp. 2d 1036, 1040 (D. Minn. 2013) (observing that the plaintiff asserted a claim in Count IV of his complaint that defendants violated Minn. Stat. § 58.13); Ekness v. Bank of America, N.A., No. 13-CV-793, 2013 WL 6058919, at *2 (D. Minn. Nov. 18, 2013) (noting that plaintiff asserted a separate cause of action under § 58.13); Hubbard v. PNC Bank Nat'l Assoc., No. 13-337 (MJD/JSM), 2013 WL 4781023, at *2 (D. Minn. Sept. 5, 2013) (observing that the plaintiff alleged that PNC violated Minn. Stat. § 58.13, subd. 13); Sykora v. Chase Home Finance, LLC, No. 12-CV-775 (RHK/JSM), 2012 WL 2979142, at *2 (D. Minn. July 20, 2012) (noting that plaintiff brought a claim under § 58.13, subd. 1(25)); Myhre v. Federal Nat'l Mortg. Assoc., No. 10-CV-3738 (ADM/FLN), 2010 WL 5422564 (D. Minn. Dec. 27, 2010) (indicating that plaintiff asserted a separate cause of action under § 58.13). Plaintiff does not identify any good cause for failing to assert a claim under the Act.

In addition, any error in the Court's application of the limitation found in Minn. Stat. § 58.18, subd. 4 is harmless – it is certainly not a "compelling circumstance" mandating reconsideration. The Court's finding of *apparent* futility in amending the complaint – stated in qualified language – was presented as an alternative basis for dismissing any claim for relief under the Act. (Order at 37 [Doc. No. 178].) The

fundamental basis for the Court's ruling remains unchanged.  Plaintiff's claim for relief under § 58.18 was not subsumed in her breach of contract claim.  Because she failed to assert a claim under § 58.13, she is not entitled to the remedies set forth in § 58.18, and she failed to demonstrate good cause for her failure to timely assert this claim.  (Id.)  As no compelling circumstances mandate reconsideration of the Court's Order, to the extent that Plaintiff asserted entitlement to relief set forth in § 58.18, any such claim was properly dismissed based on Plaintiff's failure to timely amend her pleadings.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Plaintiff's Letter Request for Permission to File a Motion to Reconsider [Doc. No. 182] is **DENIED**.


Dated:   August 29, 2014

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge
